# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**FRANCISCO PATINO, M.D.,**

    Defendant.
_____/

Case No. 18-20451

HON. DENISE PAGE HOOD

## ORDER DENYING EMERGENCY MOTION FOR SIX-DAY FURLOUGH TO ATTEND MOTHER'S MEMORIAL SERVICE IN FLORIDA [#25]

On June 26, 2018, the grand jury returned an Indictment charging Defendant with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. §1349, two counts of health care fraud, in violation 18 U.S.C. §1347, one count of conspiracy to defraud the United States, in violation of 18 U.S.C. §371, and one count of receipt of a kickback in connection with a federal health care program, in violation of 42 U.S.C. §1320a-7(b)(1)(A). On July 4, 2018, the Magistrate Judge ordered Patino be detained pending trial after a detention hearing was held on July 3, 2018. (Doc. No. 15) The Magistrate Judge found that: (1) the Government established by a preponderance of the evidence that Patino is a flight risk based on the weight of the evidence against Patino being strong and the fact that Patino is subjection to a lengthy period of incarceration if convicted; and (2) the Government established by clear and convincing evidence that there is no condition or combination of conditions that will

reasonably assure that Patino will refrain from obstructing justice.

On August 29, 2018, after 4:00 p.m., Patino filed an Emergency Motion for a Six-Day Furlough to attend his mother's memorial service/funeral in Miami, Florida, on September 4, 2018. Patino is seeking the Court's permission to be released on furlough on August 31, 2018, and he agrees to wear a GPS tether during the entirety of the proposed furlough. The Government filed a response in opposition to Patino's Emergency Motion at approximately 5:00 p.m. on August 30, 2018, and Patino filed a reply brief at shortly after 12:00 p.m. on August 31, 2018.

In a request for furlough to attend a funeral by a federal pretrial-detainee defendant, courts may review the request under 18 U.S.C. § 3145(b) by reviewing a magistrate judge's order of detention. *See United States v. Route,* 2012 WL 3578664, *1 (E.D. Wash. Aug. 17, 2012). A review of a magistrate judge's detention order is conducted *de novo*. *United States v. Koubritti,* 2001 WL 1525270 at *5 (E.D. Mich. Oct. 16, 2001); *United States v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order detention if it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States* v. *Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

The Court's review of the Magistrate Judge's Order of Detention and the Pretrial Services' Report establishes that there is no condition or combination of conditions which will reasonably assure the appearance of Patino. Although Patino represents that he is willing to surrender both his U.S. Passport and passport card, he still retains both of them. More significantly, the Government has proffered that Patino lied numerous times during his interview with Pretrial Services, including: (a) grossly misrepresenting the number of recent international trips he took (Patino said two in the last four years, whereas it was 11 trips over the last eight years) and failing to tell Pretrial Services that he had been to the Cayman Islands three times recently; (b) lying or failing to mention his involvement with FDRS Diagnostics; (c) stating that his income was about $300,000/year, when there were years he made about $900,000; and (d) failing to disclose substantial assets in cash, potentially over $2,000,000, including more than $400,000 withdrawn from accounts in cash in 2017 and 2018.

Patino is 63 years old and is subject to a lengthy period of incarceration (up to 40 years) if convicted. Notwithstanding the fact that his accounts have been frozen by the Government in this country, Patino seemingly has access to substantial sums of money in offshore accounts, including the Cayman Islands where he has traveled in recent years (but failed to mention as much in talking to Pretrial Services). The Court notes that Patino is not asking to attend services in the Eastern District of Michigan, to which his travel generally would be limited even if he were to be released on unsecured bond. Rather, he is seeking to fly to Miami, Florida, far from the Court's jurisdiction and closer to his native Cuba. In addition, Pretrial Services

has represented to the Government that Pretrial Services would not be able to effectively supervise Patino in Miami, Florida with a GPS tether, the only method of supervised release proposed by Patino.

Based on the Court's review of the record and the foregoing considerations, the Court concludes that there is no condition or combination of conditions of release that will reasonably assure Patino's appearance if the Emergency Motion for a Six-Day Furlough to Florida is granted. Although the Court is sympathetic to the passing of Patino's mother and his desire to attend her memorial service/funeral on September 4, 2018, the Court concludes that Patino's Emergency Motion for a Six-Day Furlough must be denied.

Accordingly,

IT IS ORDERED that Defendant's Emergency Motion for a Six-Day Furlough to Attend Mother's Memorial Service in Florida **(Doc. No. 25)** is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager