UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                 Case No. 18-cr-20451

v.                                Hon. Denise Page Hood

FRANCISCO PATINO, M.D.

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR PRE-TRIAL RELEASE [ECF No. 165] and GRANTING GOVERNMENT'S MOTION TO SUPPLEMENT RECORD [ECF No. 170]**

**I.   Introduction**

On December 18, 2020, Defendant filed an Emergency Motion for Release from Custody. ECF No. 165. The Government has filed a response and supplemented the response with additional medical records. ECF Nos. 167, 171.[1] Defendant declined the opportunity to file a reply.

**II.   Background**

In the Court's Order Denying Pretrial Release Pending Trial, dated April 6, 2020 [ECF No. 114], the Court extensively set forth the background of this case. That background is incorporated by reference in its entirety into this Order, although some key facts from that Order are set forth here. On June 26, 2018, the grand jury returned an Indictment charging Defendant, a 63-year old man, with several counts in

---

[1] The Government filed a Motion to Supplement Record Exhibit A [ECF No. 170] to provide the Court with Defendant's most recent medical records from the Bureau of Prisons ("BOP"), which the Court GRANTS for the reasons stated therein.

connection with committing health care fraud, receipt of a kickback in connection with a federal health care program, and money laundering.

On July 4, 2018, the Magistrate Judge ordered Defendant be detained pending trial. ECF No. 15. The Magistrate Judge found that the Government established by a preponderance of the evidence that Defendant is a flight risk based on the weight of the evidence against Defendant being strong and the fact that Defendant is subjection to a lengthy period of incarceration if convicted. The Magistrate Judge also concluded that the Government established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure that Defendant will refrain from obstructing justice.

The Court subsequently denied Defendant's Emergency Motion for a Six-Day Furlough, concluding that there is no condition or combination of conditions of release that would reasonably assure Defendant's appearance if the Emergency Motion was granted. ECF No. 38. The Court stated:

> The Court's review of the Magistrate Judge's Order of Detention and the Pretrial Services' Report establishes that there is no condition or combination of conditions which will reasonably assure the appearance of Patino. Although Patino represents that he is willing to surrender both his U.S. Passport and passport card, he still retains both of them. More significantly, the Government has proffered that Patino lied numerous times during his interview with Pretrial Services, including: (a) grossly misrepresenting the number of recent international trips he took (Patino said two in the last four years, whereas it was 11 trips over the last eight years) and failing to tell Pretrial Services that he had been to the Cayman Islands three times recently; (b) lying or failing to mention his involvement with FDRS Diagnostics; (c) stating that his income was about $300,000/year, when there were years he made about $900,000; and (d) failing to disclose substantial assets in cash, potentially over $2,000,000, including more than $400,000 withdrawn from accounts in cash in 2017 and 2018.

> Patino is 63 years old and is subject to a lengthy period of incarceration (up to 40 years) if convicted. Notwithstanding the fact that his accounts have been frozen by the Government in this country, Patino seemingly has access to substantial sums of money in offshore accounts, including the Cayman Islands where he has traveled in recent years (but failed to mention as much in talking to Pretrial Services). The Court notes that Patino is not asking to attend services in the Eastern District of Michigan, to which his travel generally would be limited even if he were to be released on unsecured bond. Rather, he is seeking to fly to Miami, Florida, far from the Court's jurisdiction and closer to his native Cuba. In addition, Pretrial Services has represented to the Government that Pretrial Services would not be able to effectively supervise Patino in Miami, Florida with a GPS tether, the only method of supervised release proposed by Patino.

ECF No. 38, PgID 288-89.

Defendant later filed a Motion for Revocation of Detention Order. ECF No. 42.

The Court denied that motion on March 27, 2019, concluding:

> The Court finds that the Government has shown by a preponderance of evidence that Defendant is a risk of flight and to obstruct justice if he is released. There is evidence that: (1) significant sums of Defendant's funds are not accounted for; (2) Defendant made misrepresentations to Pretrial Services, including regarding his income and his international travel; (3) Defendant made false statements to State of Michigan regulators, including false statements made to state investigators on August 26, 2016 about his use of injections; and (4) Defendant lied at the hearing regarding the ownership of FDRS, specifically, that Defendant knew Campbell had an ownership interest in FDRS for a period of time. A grand jury has determined that there is probable cause to support a finding that Defendant engaged in conduct to mislead and defraud throughout the alleged scheme for which he has been indicted. And, if convicted, it is possible and perhaps likely that Defendant will spend the rest of his life in prison.

> The Court also finds that the Government has shown by clear and convincing evidence that Defendant is a danger to the community. As the reports of interviews with numerous witnesses reflect, Defendant has threatened or sought to cause physical harm to several persons, including Burns, Rashid, an associate of Burns, someone who had cheated Defendant on a deal, and a medical provider who threatened to alert the authorities of Defendant's conduct.

> For the reasons stated, after considering the Section 3142(g) factors, the Court finds that no set of conditions will reasonably assure the appearance of the person and the safety of the community and Orders that Defendant remain detained pending trial. *See* 18 U.S.C. § 3142(f).

ECF No. 56, PgID 806-07.

After Defendant filed his Motion for Release from Custody on March 31, 2020, the Court and the parties received an updated Pretrial Services report on Defendant dated April 2, 2020. That updated report concludes:

> As noted in the Order issued by Your Honor on March 27, 2019, "Defendant made misrepresentations to Pretrial Services, including regarding his income and his international travel." Pretrial Services believes the defendant poses a risk of nonappearance and danger to the community. There is no condition or combination of conditions that will reasonably assure the safety of the community and the defendant's appearance in court as requested. Therefore, Pretrial Services respectfully recommends that the defendant be detained.

The Court issued a 13-page Order denying the Motion for Release from Custody on April 6, 2020, stating in relevant part that:

> The Court is now familiar with the concerns and arguments regarding continued detention in light of COVID-19. As to the concerns regarding COVID-19 that pertain to this Defendant, the Court recognizes that Defendant is 63 years old, and it does appear that Defendant has been treated for high blood pressure (hypertension). *See, e.g.*, ECF No. 52, PgID 702, 739, 741. Both of those factors may place Defendant in a category of persons with a heightened risk if infected with COVID-19. Defendant has not in the past, and has not in support of this motion, shown that he has been diagnosed with Stage 3 kidney disease by any treating physician. *See, e.g.,* ECF No. 52, PgID 701-02 (Transcript of January 25, 2019 Hearing) (admitting that he had not made any formal complaints at Milan, where he was housed, related to Stage 3 kidney disease; he had only talked to the doctor there about it). Accordingly, the Court does not consider Defendant's assertion of kidney disease in determining Defendant's motion.
>
> As set forth above, this Court has previously denied Defendant's release from detention for a number of reasons, including the charges

against him, his threats against others, the numerous instances of lying to government agencies, and unaccounted for sums of money. In those instances, the Court concluded that there was clear and convincing evidence that there were no conditions that could reasonably assure the safety of the community and Defendant's appearance. Those reasons for continued detention remain relevant and controlling, even after consideration of the effects and dangers of COVID-19.

Defendant is facing a number of felony charges, for which he will likely serve the rest of his life in prison if convicted. Four other defendant physicians, many of whom testified that they were advised by or learned from Defendant, were recently convicted of health care fraud, in part for administering medically unnecessary and painful facet joint injections to their patients, the same type of conduct for which Defendant is being prosecuted. It is also true that one of his alleged co-conspirators, Mashiyat Rashid, testified against those four defendants and, Defendant believes, will testify against Defendant at his trial.

Based on Defendant's history of interaction with and lies to governmental agencies, his threats of harm to others, the charges against him – in particular the sentences he faces if convicted, the risk of danger to the community, and his motivation for and risk of non-appearance in the future due to the length of his sentence and other reasons noted previously, the Court concludes that Defendant is not a good candidate for temporary release from detention, even during the current COVID-19 pandemic. Accordingly, the Court denies Defendant's request for release from detention pending trial.

ECF No. 114, PageID 1204-05.

### III. Analysis

In the current Motion, Defendant seeks immediate release because he contracted Covid-19. At the time the Motion was filed on December 18, 2020, Defendant had been infected with Covid-19 for several days, and the health professionals at Milan FCI had ordered that afternoon that Defendant be evaluated at an Emergency Room due to his symptoms and conditions. Defendant's argument in the current Motion, in its entirety, is that:

5

> Unfortunately, Dr. Patino contracted COVID-19 this week and the situation has quickly become dire. He was at an elevated risk of becoming seriously ill if he contracted the virus; he has pre-existing conditions of hypertension and stage 3 renal failure. Dr. Patino has not yet received adequate care to combat COVID. According to the medical records sent by the AUSA, there is an order to send Dr. Patino to an emergency room. At this moment, it is not known whether he has been attended to. Regardless, his health is quickly and dangerously deteriorating. He has pneumonia and is currently struggling to breath and speak. His blood oxygen level is at currently at 91%. Dr. Patino's life is currently in danger and it is in his best interest that he be released from FCI Milan immediately so he can get proper medical care.
>
> Defendant hereby requests that this Court grant his Emergency Motion for Pre-Trial Release[.]

ECF No. 165, PageID 7396.

Based on the Government's uncontested response, it appears that Defendant was taken to the Emergency Room on December 18, 2020 (per the order of FCI Milan's health professionals). Defendant was evaluated and released. Defendant was then kept in isolation at the Milan FCI between the time he was returned from the Emergency Room until approximately December 28 or 29, 2020, during which time he was regularly evaluated. The medical records from the BOP indicate that Defendant had recovered from Covid-19 and to be released back into the general population at Milan FCI on December 28 or 29, 2020.

Based on the record before the Court, the Court finds no basis for releasing Defendant from custody. First, as noted above, the Court has repeatedly concluded that there was clear and convincing evidence that there were no conditions that could reasonably assure the safety of the community and Defendant's appearance. Nothing has been presented to the Court that alters those concerns. Second, based on the

evidence submitted, Defendant still has not demonstrated that his general health conditions establish a compelling and extraordinary reason for release. Third, based on the evidence submitted, Defendant is recovering from Covid-19 and is not presently suffering any symptoms that threaten his health. Fourth, by all indications, the health professionals at FCI Milan were attentive to Defendant's Covid-19 condition, including ensuring that he was taken to an emergency room for evaluation when there was a basis for doing so and regularly examining him as he recovered.

For the reasons set forth above, the Court concludes that Defendant has not established a basis for pretrial release.

## IV. Conclusion

Accordingly, and for the reasons stated above,

IT IS ORDERED that Defendant's Emergency Motion for Pre-Trial Release [ECF No. 165] is **DENIED**.

IT IS FURTHER ORDERED that the Government's Motion to Supplement Record [ECF No. 170] is **GRANTED**.

IT IS ORDERED.

Dated: December 30, 2020

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 30, 2020, by electronic and/or ordinary mail.

/s/ Teresa McGovern
Case Manager