No. 23-1231

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 6, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff-Appellee, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| FRANCISCO PATINO, ) | |
| ) | |
|     Defendant-Appellant. ) | |

Before: CLAY, WHITE, and LARSEN, Circuit Judges.

Defendant Francisco Patino appeals a post-conviction order denying him release pending appeal. The government urges us to affirm, noting that Patino fails to identify any substantial questions on appeal and, regardless, is both a flight risk and a danger to the community. Patino requests oral argument and separately moves to supplement the record with numerous character references. The government waives oral argument and opposes supplementation of the record. We find that the facts and legal arguments are adequately presented in the briefs and record and unanimously agree that oral argument is not needed. Fed. R. App. P. 34(a)(2)(C).

A defendant found guilty of an offense and sentenced to a term of imprisonment must be detained unless a judicial officer concludes: (1) by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to the safety of a person or the community; and (2) that his appeal is not for delay and raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, a sentence that does not result in imprisonment, or a lesser

sentence sufficient to result in his release before the conclusion of his appeal. *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002) (citing 18 U.S.C. § 3143(b)). "[A]n appeal raises a substantial question when [it] presents a close question or one that could go either way." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (cleaned up). The burden of proof rests with the defendant. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988); *see also United States v. Thompson*, No. 87-5579, 1987 WL 44453, at *1 (6th Cir. 1987) (table) (order) ("The burden of proof lies with the defendant, and if the court finds against him on any one of these criteria, he will be detained.").

Patino did not raise any issues challenging his conviction or sentence in his brief; thus, he failed to demonstrate that he raises a substantial question on appeal. *See United States v. Johnson*, 440 F.3d 832, 845−46 (6th Cir. 2006) (holding that a defendant abandons all issues not raised and argued in his initial brief on appeal); *see also United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)). Patino could have asserted the arguments he raised in his motion for new trial and at his sentencing hearing. But those arguments, challenging counsel's effectiveness, are usually better addressed in collateral attacks rather than on direct appeal. *See United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). And, in any event, surmounting the high bar for establishing ineffective assistance "is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

Patino squarely challenges only the district court's conclusions that he is a risk of flight and a danger to the community. We need not reach these issues given his failure to establish a substantial question on appeal.

Accordingly, the district court's detention order is **AFFIRMED** and the motion to supplement is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk