# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FRANCISCO PATINO,

          Petitioner,

                                Case No. 24-10785
                                Criminal Case No. 18-20451

v.                                       Hon. Denise Page Hood

UNITED STATES OF AMERICA,

          Respondent,
_____/

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Before the Court is Petitioner Francisco Patino's Motion to Vacate Sentence Under 28 U.S.C. 2255. [ECF No. 280]. The motion is fully briefed.[1] For the reasons stated herein, Patino's motion is DENIED.

### II.    BACKGROUND

On September 22, 2021, Patino was found guilty by jury on all counts alleged in the superseding indictment. [ECF No. 218]. Shortly thereafter, Patino filed a

---

[1] The Court notes that Patino's original motion was filed *pro se*, however, his Reply was filed by attorney Martin Crandall. See [ECF No. 289]. Mr. Crandall has filed a motion to be appointed counsel for purposes of Patino's § 2255 motion. [ECF No. 290]. The Court has not granted Mr. Crandall's motion.

motion to withdraw counsel and a request for new counsel. [ECF Nos. 222 and 227]. The Court granted Patino's motion to withdraw counsel [ECF No. 230] and new counsel was appointed by the Federal Community Defenders' Office. Patino filed a Motion for an Evidentiary Hearing and a New Trial Pursuant to Rule 33(b)(1) which the Court denied. [ECF No. 254]. Patino appealed his conviction arguing that his trial counsel was constitutionally ineffective. The Sixth Circuit affirmed the judgment of the District Court. [ECF No. 277].

Patino now moves this Court to vacate conviction, set aside conviction, or correct the sentence imposed by this Court pursuant to 28 U.S.C. 2255. [ECF No. 280]. The Government opposes Patino's motion arguing that the evidence putforth at trial by the Government was "overwhelming and fully supported the jury's verdict." [ECF No. 287, PageID.9911].

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under section 2255 are subject to a one-year limitation period established by the Antiterrorism and effective Death Penalty Act of 1996, generally running from "the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). [2] To prevail on a section 2255 motion, the movant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside

---

[2] The Government does not contest the timeliness of Patino's petition.

2

of the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberg v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "Where, as here, the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial." *Id*.

Patino argues that his counsel provided ineffective assistance by failing to investigate and prepare a defense despite being on notice that many witnesses could be used to show Patino's innocence. [ECF No. 280, PageID.9894]. Specifically, Patino lodges nine claims:

1. Failure to investigate and prepare a defense as trial counsel was on notice that many witnesses could be used to show that Patino was not involved in the criminal allegations but was misled by others with whom he worked.
2. Failure to call many identified witnesses (Rashid Mashiyat[3], Margaret Johnson, Angela Miller, Megan Lucas, Deborah Gamble, Norman Saleh, Don Tisaby and others, as well as Patino).
3. Failure to communicate with potential witness, either personally or through investigation by an investigator.
4. Failure to communicate with Patino at all levels – from prison to lockup to courtroom.
5. Failure to review and effectuate many leads and facts developed by initial counsel for foundation regarding cross examination of witnesses and calling witnesses for the defense at trial.

---

[3] The Government points out that Patino inverted Mr. Rashid's name. the correct form is "Mashiyat Rashid." [ECF No. 287, PageID.9915, n. 2].

3

6. Failure to learn and understand essential medical issues from Patino, essential and valuable to the cross examination of medical/professional witnesses and patients.
7. Failure to submit evidence at trial especially as advised by Patino for cross examination of witnesses who were medical professionals or patients.
8. Failure to present Patino to the jury as he requested on several occasions.
9. Failure to present former counsel to the jury to explain the details of preparation trial counsel never took advantage of.

*Id*. at PageID.9894-95.

The Government argues Patino's claims regarding potential trial witnesses are conclusory and unsupported, that the record refutes Patino's claim that he was not permitted to testify, and his claims that counsel did not adequately meet or consult with him are unsupported and do not demonstrate a reasonable probability that the trial result would have been different but for the alleged ineffective consultation. [ECF No. 287, PageID.9915-9923].

### III.   LAW AND ANALYSIS

Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. A defendant has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test to show ineffective assistance of counsel: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant

4

by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The defendant bears the burden of showing that counsel was deficient, and that prejudice resulted from counsel's errors. *Id*. at 686-87.

**A. Failure to call certain witnesses.**

Under *Strickland*, defense counsel must conduct a reasonable investigation of the facts or make a reasonable determination that an investigation is unnecessary. *Id*. at 691. However, a decision by counsel to forego an investigation into a particular defense or argument does not automatically constitute ineffective assistance. *Id*. Rather, a decision by counsel not to investigate "must be assessed for reasonableness in all circumstances" and defense counsel receives "a heavy measure of deference."

5

*Id*. A "defense counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant." *Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004).

In *United States v. Guzman*, 2019 WL 4120811 (E.D. Ky. Aug. 29, 2019), the defendant also claimed that his attorney's failure to investigate violated his Sixth Amendment rights. The Court noted that those claiming ineffective assistance based on the failure to call a witness must "make an affirmative showing as to the identity and the availability of the witness to testify, the details of what the uncalled witness would have testified to, and that the testimony of the uncalled witness would have produced a different, more favorable result at trial." *United States v. Guzman*, 2019 WL 4120811, at *4 (E.D. Ky. Aug. 29, 2019) (internal quotation marks omitted). In doing so, "[a] defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *Id*.

Patino alleges that trial counsel failed to call or investigate particular facts and witnesses. see (Claims 1, 2, 3, 5, and 9). Patino has not provided any arguments showing that the list of potential witnesses presented had any information that could have exculpated him. Further, he gives no insight as to what information counsel would have discovered if he had engaged in a different investigation approach. Patino merely argues that the witnesses should have been investigated and called

6

which is not enough to show ineffective assistance. See *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). Even considering the record, the Government argues that Mashiyat Rashid, Deborah Gamble, and Don Tisaby were interviewed by Government agents and the reports of the interviews were available through discovery. [ECF No. 287, PageID.9916, n. 3]. The Government argues that Rashid and Gamble provided incriminating testimony against Patino. Patino has not argued anything to the contrary.

The Court finds that Patino has not shown that the proposed witnesses would have provided testimony sufficient to alter the outcome, here. Patino's motion is DENIED.

**B. Failure to call Patino as a witness.**

Patino's claim that he should have been called as a witness (Claim 8), this is refuted by record evidence. The following colloquy makes clear that Patino was informed of his right to testify on his own behalf and decided to abstain:

> **Mr. Scott:** Yesterday obviously the Defense closed. I would request that a record be made that it's inquired of the Defendant that he has chosen not to testify in this matter.
>
> **The Court:** Okay, Mr. Nacht?
>
> **Mr. Nacht:** I think it's an appropriate request by the prosecutor.

7

> **The Court:** So you don't think you have to say that your client has been advised of his right to testify or not and that you've explained that right to him and that you and he have chosen that he chose not to testify?
>
> **Mr. Nacht:** I affirm what the judge just said, and I am happy to have my client make that affirmation. Mr. Patino?
>
> **The Defendant:** I agree.
>
> **The Court:** No, I'm sorry, I didn't hear that.
>
> **The Defendant:** I agree.

[ECF No. 224, PageID.8925].

Patino clearly and unequivocally demonstrated to the Court that he made a knowing and voluntary decision not to testify. See *United States v. Webber*, 208 F.3d 545, 550 (6th Cir. 2000). "Barring any statements or actions from the defendant indicating disagreement with counsel or the desire to testify, the trial court is neither required to sua sponte address a silent defendant and inquire whether the defendant knowingly and intentionally waived the right to testify, nor ensure that the defendant has waived the right on the record." *Id*. at 551. Patino has not shown that his counsel was deficient with respect to his right to testify at trial and has not shown how he was prejudiced by counsel's advice or decision. Patino's motion is DENIED on this ground.

### C. Failure to meet and consult with Patino.

Claims 4, 6, and 7 allege that Patino's trial counsel failed to meet and consult with him or take Patino's advice as to what evidence should be submitted. The

Supreme Court has made clear that "[t]rial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence." *Robert Leroy Mccoy v. Louisiana*, 584 U.S. 414, 422, 138 S. Ct. 1500, 1508, 200 L. Ed. 2d 821 (2018) (internal quotation marks omitted). Further, "the Court is not aware of any precedent establishing a minimum number of meetings between counsel and client necessary for an attorney to provide effective assistance." *Ball v. Miniard*, 2025 WL 451671, at *13 (E.D. Mich. Feb. 10, 2025) citing *United States v. Olson*, 846 F.2d 1103, 1108 (7th Cir. 1988).

Patino fails to point to anything in the record or otherwise to support the allegations before the Court and also fails to establish any specific difference in counsel's performance would have had a tendency of better aiding in the defense presented by counsel. The Government outlines many instances where counsel vigorously advocated on Patino's behalf, and although such efforts were ultimately unsuccessful, failure to prevail is not determinative of counsel's effectiveness. Patino's motion is DENIED.

IV. **CONCLUSION/ORDER**

In light of the foregoing,

IT IS SO ORDERED that Defendant's Motion to Vacate Under 28 U.S.C. 2255 **(Case No. 24-CV-10785, Docket No. 1, filed March 25, 2024 and Criminal Case No. 18-20451, Docket No. 280, filed March 25, 2024)** is DENIED;

IT IS FURTHER ORDERED that Defendant's Motion to Appoint Counsel and Second Counsel [ECF No. 290] is DENIED AS MOOT;

IT IS FURTHER ORDERED that this action is dismissed with prejudice.

SO ORDERED.

                                                                s/Denise Page Hood\_\_\_\_
                                                                 Denise Page Hood
                                                                 United States District Judge

Dated: May 14, 2025